### NORA COLLINS vs. C. M. COLE.

#### FEBRUARY 20, 1917.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Workmen's Compensation Act.  Review.*
The findings of the lower court in a proceeding under the Workmen's Compensation Act are reviewable, in the absence of evidence to support them.

*(2)  Workmen's Compensation Act.  Review.  Intoxication.*
Sec. 2, Art. II, cap. 831, Pub. Laws, 1912, the "Workmen's Compensation Act" provides, "No compensation shall be allowed for the injury or death of an employee where it is proved that his injury or death . . . resulted from his intoxication while on duty."

*Held,* that a respondent need not exclude every possibility that death might have resulted otherwise than from intoxication; so, if a decedent was in a condition in which he would be unable to look out for his own safety with that degree of care which a person would otherwise naturally exercise, and, while so influenced, did something which one in a normal condition would not be likely to attempt and which brought about the accident, the trial court would be warranted in finding that the accident resulted from the condition into which he had voluntarily brought himself.

PETITION under Workmen's Compensation Act. Heard on appeal of petitioner and dismissed.

VINCENT, J. This is a petition brought under the Workmen's Compensation Act by the widow of a deceased employee for compensation for the death of her husband.

After a hearing upon the petition in the Superior Court a decision was rendered, and a decree entered in accordance therewith, denying compensation on the ground that the direct cause of the death of James Collins was his intoxication while on duty.

Section 2, Article II, of Chapter 831, Public Laws of Rhode Island, 1912, known as the Workmen's Compensation Act, provides that "No compensation shall be allowed for the injury or death of an employee where it is proved that his injury or death . . . resulted from his intoxication while on duty."

James Collins was, at the time of the accident, in the employ of the respondent as a night watchman and deck hand on a dredge which was being operated in the harbor at Block Island. As watchman he had general charge of the dredge from 6:00 o'clock P. M. to 6:00 o'clock A. M., in the absence of the captain. It was a part of his duty to take members of the crew to and from the shore during the evening, whenever they desired to go, up to 10:00 o'clock P. M., and for this purpose a yawl belonging to the dredge was used. During the day of July 7, 1914, the dredge was not at work on account of rough weather outside of the harbor.

The petitioner claims that the findings of fact by the trial justice numbered 7 and 8 are reviewable by this court because they are not based upon evidence. These findings are: (7) "That said injury . . . did result from his intoxication while on duty; that during the afternoon and evening of said 7th day of July, 1914, said

James Collins drank whiskey on several occasions; that at 6:00 P. M., when he went on duty, he was partially incapacitated through drink and got another man to do some of his work; that at about 10:00 P. M. he was so intoxicated as to be unable to row, intelligently, a yawl from the shore to the dredge, and started to row out to sea instead of towards the dredge ''; and (8) '' That the cause of said injury was that while drunk he stood up in an easily capsizable skiff, a dangerous act apparent to any sober person, and fell into the water, where the cook, who was boisterously drunk and had fallen overboard, was struggling. Said skiff did not belong to and was not furnished by the employer for use by his employees.''

(1)    The petitioner is undoubtedly correct in saying that the finding of the lower court is reviewable here in the absence of evidence to support it. The question therefore arises, Was there evidence before the trial court upon which such findings could properly be based?

James Collins had been in the employ of the respondent for about two months. In the afternoon of the day on which he met his death he, with some of the deck hands, went ashore, where he drank whiskey and other liquors to such an extent that when he returned to the dredge at about 5:00 o'clock he was intoxicated. At 6:00 o'clock, when he went on duty as night watchman, he asked the fireman to take care of the fires for him because he was '' in bad condition.''

In the early evening Collins made two or three trips to and from the shore in the large rowboat belonging to the dredge, taking ashore and bringing back members of the crew. On one of the return trips Collins was in such condition that instead of rowing toward the dredge he rowed out toward the open sea, whereupon one of the men in the boat took the oars and rowed to the dredge. There is evidence that one of the men in the boat, upon

this trip, brought with him a quart bottle of whiskey belonging to the cook, who had been left on shore, and that upon reaching the dredge Collins and some of the deck hands opened this bottle and proceeded to imbibe its contents. From this bottle Collins had two drinks, which were poured into and each of which nearly filled a water glass. Later all the men then on board, except Collins, turned in for the night. Afterwards one of the deck hands heard Collins and the cook, who had then come from the shore, talking about going back again for more whiskey. Almost immediately there was a yell, and three men, named Rose, Miranda and Viera, rushed out on deck. They found the cook struggling in the water and Collins standing up in a very small skiff, a yacht's tender, which did not belong to the dredge. Almost immediately the small boat tipped over and Collins fell into the water. Efforts to rescue Collins and the cook were unavailing. Collins and two other men were drowned. Apparently when the cook came on board, just prior to the accident, he must have made use of a small yacht's tender, which he had in some way appropriated for that purpose, and which was easily capsizable, and when Collins was seen in this small boat immediately before it capsized it was located within three or four feet of the large yawl with which the men were usually transported to and from the shore.

The petitioner argues that in order to defeat the petition the respondent must prove that the death resulted solely and exclusively from intoxication while on duty. If the petitioner means by that that the respondent must exclude every possibility that death might have resulted otherwise than from intoxication, we cannot agree with her. If Collins was in an intoxicated condition, that is, a condition in which he would be unable to look out for his own safety with that degree of care which a person would otherwise naturally exercise, and that, while so influenced,

he did something which a person in a normal condition would not be likely to attempt, and which brought about the accident, the trial court would be warranted in finding that the accident resulted from the condition into which he had voluntarily brought himself. We do not think that the statute requires that every possibility should be excluded before the evidence becomes sufficient to support the finding that the result was due to intoxication.

We think that the intoxicated condition of the decedent is fully substantiated by the evidence, and that his reckless and unnecessary act in going into and standing up in a small boat, easily capsizable, was a dangerous act which would be apparent to any sober person. The very fact that he elected to make use of this small boat instead of the larger yawl, which was lying close to it and was equally available, is further evidence of his condition and of his inability therefrom to properly care for himself.

The trial court having denied the petitioner compensation, and such decision being in our opinion supported by substantial testimony, the petitioner's appeal is dismissed, the decree of the Superior Court dismissing the petition is affirmed, and the case is remanded to said Superior Court.

*McGovern & Slattery,* for petitioner.

*Gardner, Pirce & Thornley,* for respondent.

*Charles R. Haslam,* of counsel.